OPINION
{¶ 1} This matter is before the court on the Notice of Appeal of Veterans Security Patrol ("Veterans"), filed June 24, 2004. Appellee, TAG 333, Dayton, LLC ("TAG 333"), leased Suite 150 at 333 West First Street in Dayton, Ohio, to Veterans for a term commencing on February 1, 2003, and terminating on July 31, 2006. TAG 333 is owned by The Andalex Group, in New York, New York. Under the terms of the lease, Veterans received the first six months rent free. In August of 2003, monthly rent of $335.00, along with a monthly payment of $13.95 for electric service, became due. Veterans failed to pay TAG 333, and it vacated the premises on or about March, 2004, with a balance due of $3,070.80, including late fees. TAG 333 filed a Complaint against Veterans on February 4, 2004, and Veterans filed an Answer and Counterclaim on March 2, 2004, alleging fraud and breach of contract.
 {¶ 1} According to Veterans, it entered into the lease with TAG 333 solely because TAG 333 promised that it would retain Veterans' security services for the West First Street address and two other properties owned by The Andalex Group. In its Counterclaim, it argued that "Plaintiff's representation it would hire Defendant as its security company was false and made in order to trick Defendant into leasing the premises at issue and it was never Plaintiff's intent to hire Defendant to serve as its security company, or Plaintiff's representation was made for some other improper reason when the intent was never to hire Defendant as Plaintiff's security company." When TAG 333 ultimately failed to retain Veterans' services, Veterans informed TAG 333 that it would not pay rent on the basis that the lease was void.
 {¶ 2} Following a May 26, 2004 bench trial, the trial court found that the lease embodied the entire agreement of the parties, and that Veterans breached the lease by failing to pay rent and the other fees as agreed. The trial court granted judgment against Veterans in the amount of $3,070.80. On December 3, 2004, the trial court issued its Findings of Fact and Conclusions of Law.
 {¶ 3} Veterans' sole assignment of error is as follows:
 {¶ 4} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FAILING TO MAKE A FACTUAL FINDING THAT IS ESTABLISHED BY THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 5} "The standard traditionally applied to manifest weight of the evidence questions is that `judgments supported by competent, credible evidence going to all the material elements of the case must not be reversed as being against the manifest weight of the evidence.' (Internal citations omitted). Weight of the evidence has been defined as `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, it depends on its effect in inducing belief. (Internal citations omitted). The supreme court has emphasized that the ability to weigh the evidence is a limited one, since `the trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page.'"East Co. v. Trammell (Feb. 5, 1999), Montgomery App. No. 17188. "This standard allows us to `judge the credibility of opposing opinion testimony, but not of fact testimony, unless it is so incredible that it defies belief." City of Kettering v.Loughran (Oct. 13, 2000), Montgomery App. No. 18107.
 {¶ 6} At the bench trial in this matter, the court heard testimony from Marsha Tolliver, TAG 333's accountant, Chris Wagers, TAG 333's former director of operations, and Terry Hatton, president of Veterans. The trial court admitted into evidence a copy of the lease for suite 150 at 333 West First Street, an invoice from TAG Management, to Veterans, showing a balance due of $3,070.80, and three service contracts prepared by Veterans for three Andalex Group addresses in Dayton, including the 333 West First Street address, signed only by Joe Halpin, Veterans' general manager.
 {¶ 7} Having reviewed the entire record, and having weighed the evidence and all reasonable inferences consistent withTrammel, supra, we determine that the trial court's Findings of Fact and Conclusions of Law are supported by competent, credible evidence. Giving deference to the trial court's decision as to which testimony to credit, and to what extent to do so, we agree that there was no meeting of the minds between TAG 333 and Veterans regarding TAG 333's alleged commitment to retain Veterans' security services as a condition of the lease. The trial court correctly found that "there were no elements proven to show that a binding contract was created for Defendant to provide security service * * *." Further, the trial court's decision that Veterans owes TAG 333 a balance of $3,070.80 is not against the manifest weight of the evidence but rather is supported by the preponderance of the evidence. Veterans' sole assignment of error is overruled, and the judgment of the trial court is affirmed.
Wolff, J. and Fain, J., concur.